## PEOPLE v. HOUGHTALING.

The jurisdiction of Courts of Equity originally embracing all cases involving questions of fraud, accident or confidence, is not altered or impaired because the Courts of Law now exercise jurisdiction in many similar cases: such jurisdiction is concurrent.

Where an administrator is sued in equity by the People to compel him to pay over to the county treasurer money collected by the intestate, as tax collector: *Held,* that he occupied the position of one who takes possession, without authority, of property belonging to another, and that he may be treated as a trustee *"de son tort."*

Though the defendant, in such an action, be described in the caption of the complaint as administrator, yet the facts show that it is not sought to charge him as administrator, and no relief is sought against the estate: *Held,* that the objection that he is sued in his representative capacity is untenable.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

The complaint in this case charges that W. W. Wright, deceased, was sheriff, and *ex officio* tax collector of Nevada county, and that there was in his hands, at the time of his death, certain money belonging to the plaintiff, which had been before that time collected by such sheriff as taxes, under the revenue law of this State; that in November, 1856, defendant was appointed, and entered upon the duties of, administrator of the estate of said Wright, and took into possession all the property and assets belonging to the estate; that he also took possession of the moneys above-mentioned, under the pretence that it formed a part of such assets, and was about to convert the same to the uses of the estate; that said money was a public fund belonging to the plaintiff; that it constituted no part of the assets of Wright's es-

tate; that in consequence of the act of defendant, the fund was in danger of being wholly lost to the plaintiff, and prayed a judgment that defendant be required to pay said money into the hands of the county treasurer of said county, he being, under the law, the proper custodian of public money.

To this complaint a demurrer was interposed, which being overruled by the Court, defendant withdrew his answer, and judgment was entered in accordance with the prayer of the complaint.

Defendant appealed.

*J. R. McConnell* for Appellant.
No brief on file.

*Henry Meredith* for Respondent.

Conceding to the adverse party that an action at law, for money had and received, or an action of *trover*, for bonds, scrip, gold-dust, and specific moneys, could be maintained by the plaintiff, yet chancery has concurrent jurisdiction, and plaintiff could elect where to seek his remedy. Simple trusts, of late, have often been recognized and enforced at law, but the modern enlargement of remedies at law do not deprive equity of its jurisdiction. If equity could take cognizance of no case where law afforded a remedy, there could be no such thing as concurrent jurisdiction, and such a conclusion is in conflict with all practice and authority.

As applicable to the point under discussion, we call attention to the following cases:

Where a cargo of merchandise was seized and condemned under under the Berlin and Milan decrees, and afterwards under treaty between the American and French governments, the underwriters received five thousand dollars as indemnity for the spoliation due the assured, it was adjudged that the money thus received was held *in trust* for the assured, and the underwriters were required to pay it over; and it was further held, that though an action at law might have been sustained for the recovery of the money, a bill in equity was proper, the jurisdiction of the Courts being concurrent. New York Insurance Company *v.* Roulet et al., 24 Wend. R., 505.

When a testator charges his real estate with the payment of his debts, the creditors may at once come into chancery to have their debts satisfied out of such fund, although they have a perfect remedy at law against the personal estate. Smith *v.* Wyckoff, 11 Paige Ch. R., 501.

Where one person has received the funds of another for specific purposes, an action for money had and received will lie, or he may be treated as a trustee, reached by bill in equity. 1 Story's Eq. Jur., §§ 463–64; ib., 75, 76.

It may be a mistake in describing the defendant in this suit as the "administrator of W. W. Wright," though this does not clearly appear. If it be error, however, it is merely *descriptio personæ,* and if the subject of demurrer at all, under our practice, as an error in name, it does not vitiate the pleading, where it presents facts sufficient to constitute a cause of action. The allegations of the complaint, the material facts there represented, show that the plaintiff does not go before the Court as a creditor, heir, or representative of Wright, deceased, or that the State does not claim or demand any right or interest in or over the assets or estate of Wright in the hands of his administrator. The moneys, gold-dust, bonds, etc., sued for, are not, in any sense of the words, assets, effects, or estate of Wright, and plaintiff distinctly avers them not to be. An administrator is not the successor in office of his intestate, and neither by law, nor upon principle, is entitled to the custody of that which exclusively belongs to the office of sheriff.

Money, coming into the hands of one to be laid out in a particular way, or which is paid to one for a particular object, may be considered trust-money, and equity will require its application according to the trust. 1 Story's Eq. Jur., § 463; 2 ib., § 1041.

TERRY, J., after stating the facts in the case, delivered the opinion of the Court—BURNETT, J., concurring.

The only question presented by the record is, whether the facts stated in the complaint are sufficient to sustain the judgment rendered.

The argument of appellant's counsel embraces two propositions:

1. That the defendant is improperly sued, in his representative capacity, as administrator of Wright.

2. That the facts stated in the complaint show that plaintiff has an adequate remedy at law, and therefore is not entitled to proceed in equity.

It is not necessary to notice the argument upon the first proposition, as we think it is founded on a misapprehension of plaintiff's case. It is true that defendant is described in the caption of the complaint as administrator, but the facts stated in the body of the complaint show that he is not sought to be charged as administrator. No relief is demanded against the estate, nor does the plaintiff seek to subject the property of the estate to the payment of his demand.

On the contrary, he seeks to recover a specific fund, which he avers is no part of the estate of Wright, but which the defendant withholds under pretence that it constitutes a part of the assets of the estate.

The second proposition, we think, cannot be maintained. It

is true that the facts stated in the complaint would entitle the plaintiff to a judgment, at law, in an action for money had and received, but it is also true, that the defendant, having obtained possession of property belonging to another, may be treated as a trustee, and a Court of Equity be invoked to coerce the execution of the trust.

The jurisdiction of Courts of Equity originally embraced all cases involving questions of fraud, accident, or confidence. In many cases of this sort, Courts of Common Law have for a long time exercised jurisdiction, and in many other cases, in which anciently no such remedy was allowed, their jurisdiction is now expanded so as to reach them. 2 Black. Com., 431, 432.

In speaking of the rules by which the jurisdiction of Courts of Equity were determined, Judge Story says :

" One rule is, if originally the jurisdiction has properly attached in equity in any case, on account of the supposed defect of the remedy at law, that jurisdiction is not changed or obliterated by the Courts of Law now entertaining jurisdiction in such cases, when they formerly rejected it. This has been repeatedly asserted by Courts of Equity, and constitutes, in some sort, the pole-star of portions of its jurisdiction. The reason is, that it cannot be left to Courts of Law to enlarge or restrain the powers of Courts of Equity, at their pleasure. The jurisdiction of equity, like that of law, must be of permanent and fixed character. There can be no ebb or flow of jurisdiction, dependent upon external changes. Being once vested legitimately in the Court, it must remain there until the Legislature shall limit or abolish it, for without some positive act, the just inference of the legislative pleasure is that the jurisdiction shall remain upon its old foundation."

Lord Eldon upon one occasion said : " Upon what principle can it be said that the ancient jurisdiction of this Court is destroyed because Courts of Law now, very properly, perhaps, exercise that jurisdiction which they did not exercise forty years ago ? Demands have been frequently recovered in equity which now, without difficulty, could be recovered at law. I cannot hold that the jurisdiction is gone, merely because Courts of Law have exercised an equitable jurisdiction. Story's Eq., § 64.

In the New York Insurance Company v. Rowlet, 24 Wend., 505, where a cargo of merchandise had been seized and condemned under the Berlin and Milan decrees, afterwards under treaty between the American and French governments, the underwriters received five thousand dollars as indemnity for the spoliation, it was held that the money thus received was held in trust for the assured, and the underwriters were required to pay it over. It was also held, that though an action of law might have been maintained for the recovery of the money, a bill in

equity was proper, the jurisdiction of the Courts, in such cases, being concurrent.

The property in funds collected under the revenue law, is vested in the State. The officer is the mere custodian of the fund. He is forbidden to use or employ it in any manner, and he acquires, by possession, no right or interest in it.

The defendant is wrongfully in possession of a specific fund, belonging to the plaintiff. Said fund constitutes no part of the estate of Wright, and defendant's appointment as administrator of Wright, conferred upon him no authority to take or retain it. He occupies the position, who takes possession without authority of property belonging to another, and may be treated as a trustee *de son tort.* Hill on Trustees, p. 173.

The question as to the power of the Court below to appoint a receiver in this case, without notice to the defendants, does not properly arise upon the record, as it appears that the order appointing a receiver was, on motion of defendant, vacated in the Court below.

Upon the whole, we are satisfied that the facts stated in the complaint were sufficient to entitle the plaintiffs to the relief sought for, and that no injustice has been done to defendant.

Judgment affirmed, with costs.