[Civ. No. 8010. First Appellate District, Division Two.—January 14, 1932.]

MICHAEL O'DEA, Appellant, v. HIBERNIA SAVINGS AND LOAN SOCIETY (a Corporation) et al., Respondents.

Reisner & Deming and F. W. Comba for Appellant.

Henry F. Boyen, Frank J. Fontes, Tobin & Tobin and Cleveland R. Wright for Respondents.

NOURSE, P. J.—Plaintiff sued upon an order for the transfer of money held in a savings bank account. Defendants had judgment and plaintiff appeals upon typewritten transcripts.

The complaint was framed in two counts—one for money had and received, the other to enforce a gift *"causa mortis"* in the form of an order or assignment executed by Patrick Glynn, deceased, upon the defendant bank. The administrator of the Glynn estate and three fictitious persons were made parties defendant. These persons later appeared as three heirs named in the will of Patrick Glynn. Separate answers were filed by the bank, the administrator and these three heirs. In each answer the due execution of the order, or assignment, was denied and special pleas were entered alleging that the deceased did not intend to make a gift of the money to plaintiff, that he did not know the nature of the paper signed, and that its execution was secured through undue influence on the part of plaintiff. The trial court found that the deceased did not intend to make a gift of the moneys to plaintiff, that he signed the document through the undue influence of plaintiff, but with the understanding and intention of the deceased that the plaintiff would use said order, or assignment, for the sole purpose of withdrawing from the bank only such amount as would be necessary to pay for the medical and hospital care of the deceased.

On this appeal the first attack is upon the order of the trial court denying appellant's motion for a trial by jury. He argues that he was entitled to a jury as of right because his pleading stated a cause upon contract. ■ The right to a trial by jury is to be determined by the nature of the issues to be tried and this can be determined not upon the complaint alone, but by the issues as framed when ready for trial. ■ Though the first cause pleaded in the complaint was a common count for money had and received the second cause was clearly an action to enforce an alleged gift *"causa mortis"*. That appellant did not rely upon this first cause is evidenced by his joinder of the administrator and the heirs as parties defendant. But, when the issues were ready for trial, the cause became one in equity

to determine adverse claims to moneys on deposit with the bank and, in this case, the bank became a mere stakeholder and the contending parties became interpleaders for the title to the fund on hand, or, to be more precise, for the right to be substituted for the deceased as the creditor of the bank for the money which the bank admitted owing to the deceased on account of the deposit. Such an action is in equity and the right to a trial by jury does not exist. (*Cauhape* v. *Security Sav. Bank,* 127 Cal. 197, 201 [59 Pac. 589]; *Union Mut. Life Ins. Co.* v. *Broderick,* 196 Cal. 497, 502 [238 Pac. 1034].)

■ It is argued that the findings of fact are not supported by competent evidence in that this evidence consisted of parol testimony of declarations of the deceased made after the execution of the instrument. This testimony the appellant claims to be incompetent as in disparagement of the written document. But there is a well-recognized exception to this rule that, when the intention or state of mind of the alleged donor is involved, evidence of declarations made by him before or after the transaction is admissible though the declarations were not made in the presence of the adverse party. (*Estate of Hall,* 154 Cal. 527, 532 [98 Pac. 269]; *Estate of Carson,* 184 Cal. 437, 445 [17 A. L. R. 239, 194 Pac. 5]; *Bridge* v. *Ruggles,* 202 Cal. 326, 330 [260 Pac. 553].)

The essentials of a valid gift *"causa mortis"* are outlined in 28 Corpus Juris, page 687. Among those stated are these: "There must be a donor competent to make the gift, an intent on his part to do so. . . . " Where the issue rests upon a written check or order to draw upon a bank, the intention of the drawer becomes the vital element of the issue. (*Hart* v. *Ketchum,* 121 Cal. 426, 428 [53 Pac. 931]; *Knight* v. *Tripp,* 121 Cal. 674, 679 [54 Pac. 267]; *Paddock* v. *Fonner,* 84 Cal. App. 652, 656 [258 Pac. 423].) All the testimony objected to was admissible to prove either the competency of the donor or his intention, or lack of intention, to make a gift, and, as the cases cited by appellant do not involve this recognized exception to the general rule it is not necessary to discuss them here.

The attack upon the finding that the alleged gift was revoked before death does not require discussion because

that finding could be eliminated and the judgment would nevertheless stand.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 13, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1932.