## CONNER v. FISHER.

No. 22534. Sept. 25, 1934.

Rehearing Denied Oct. 16, 1934.

Jones & Clift, for plaintiff in error.

H. W. Sitton, for defendant in error.

PER CURIAM. This is an action at law in the nature of the common-law action of account, the plaintiff alleging that the defendant, who operated the property involved as trustee, failed to account to the plaintiff, the beneficiary, for the proper income of the property. The petition prays for judgment in the approximate sum of $15,000. The trust had already been determined and the property sold, nothing remaining to be done except make a final settlement, upon which the parties could not agree.

The answer consists of allegations amounting to general denial, and that further allegations that plaintiff is indebted to defendant.

The case was tried to the court, a jury either having been waived, at least, no demand for a jury, or any objection to its absence having been made. A judgment for plaintiff in the sum of $1,250 resulted, with appeal by defendant.

Of several assignments of error, only two are presented in the brief of plaintiff in error, one being that the court erred in overruling the demurrer of the defendant, and the other that the judgment was not sustained by sufficient evidence and was against the clear weight of the evidence.

The defendant cannot complain of the action of the court in overruling the demurrer, for the reason that it does not appear from the record that an exception was taken to such action of the court. Further, on a consideration of the action, it does not appear that the court erred in such action. The defendant falls into error in assuming that the transaction in review in the case constituted a partnership, and contends that allegations of fraud, culpable negligence, or bad faith are necessary to bind the managing partner. The business relationship in this case did not constitute a partnership, the defendant merely holding title to the palintiff's property as trustee until a certain sum was paid from the profits of the venture. It is the duty of a trust to exercise the utmost good faith and to render a strict account of property received for the beneficiary. Dillivan v. German Savings Bank et al. (Iowa) 124 N. W. 350.

It is not necessary in an action against a trustee for an accounting that fraud or bad faith be alleged. 65 C. J. 902.

The remaining assignment, to the effect that the judgment is not sustained by the evidence and is against the clear weight of the evidence, cannot be sustained. Evidence was introduced as to the cost of operating the property both before and after the assumption of management by the trustee. From this evidence the court concluded that a proper accounting disclosed that prudent operation of the property would leave a balance due plaintiff of $1,250. This assignment is that the judgment was against the weight of the evidence. An examination of the testimony does not sustain this assignment.

This is a suit for the recovery of money and is properly a jury case. The rule in a jury case is that if there is any evidence reasonably supporting the judgment, this court will not reverse it. There being such evidence, the judgment of the trial court will be affirmed.

The Supreme Court acknowledges the aid of Attorneys Frank L. Warren, V. R. Biggers. and Cornelius Hardy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Warren and approved by Mr. Biggers and Mr. Hardy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.