[Civ. No. 11988.   First Dist., Div. Two.   Mar. 4, 1942.]

HAZEL LANE, as Administratrix, etc., Appellant v. NELL WHITAKER, Respondent.

Conroy & Conroy, Edward L. Conroy and Alvin Wendt for Appellant.

Earle M. Daniels, Hallam Mathews and John A. Gilligan for Respondent.

McWILLIAMS, J. pro tem.—This is an appeal by the plaintiff, who sues as administratrix of the estate of her deceased husband, from a judgment in favor of the defendant. The action was tried on the fourth amended complaint of plaintiff. The complaint alleges three causes of action. The first cause of action is based upon the theory that plaintiff's husband was a beneficiary under an oral trust by the terms of which plaintiff, as his administratrix, claims to be entitled

to certain personal property in the possession of defendant. The property in controversy, according to the complaint, was acquired by the defendant without consideration and with knowledge of the existence of the trust. Plaintiff alleges that the exact amount of the property so held by defendant is peculiarly within the knowledge of the defendant but that according to plaintiff's information it had a reasonable value when so acquired by defendant of approximately $125,000. The second cause of action is likewise based upon the existence of the same alleged trust. In view of the nature of plaintiff's contentions its allegations need not be further set out. The third cause of action was held by the trial court not to state facts sufficient to constitute a cause of action and defendant's objection to the introduction of evidence under that count was sustained on that ground. Appellant does not question the correctness of the court's ruling on that cause of action. The prayer of the complaint is in brief that the defendant be required to account for all of the trust estate alleged to have been received by her and that the trust be carried into effect.

In somewhat greater detail the facts pleaded in plaintiff's first cause of action may be stated as follows. In the year 1900 Chester M. Lane was divorced from Ellen Dora Lane in the State of Illinois. In 1913 Mrs. Lane came to California where she continued to reside until her death in 1938. In 1915 Mr. Lane came to California where he resided until his death in 1934. Plaintiff alleges that in 1927 Chester M. Lane transferred all of his personal property to his divorced wife under an oral trust. The precise terms of the trust need not be set forth. It is sufficient to state that it provided that on a certain contingency the estate of his son, Harry C. Lane, would on the death of the son become entitled to one-half of the trust fund. The complaint alleges that the son, Harry C. Lane, died on July 19, 1937, leaving surviving him his wife, the plaintiff herein, and a daughter, Helen Hambright. The plaintiff, as the administratrix of the estate of her late husband, contends that she is entitled to maintain this action and to enforce the alleged trust.

Appellant's principal contention is that upon the trial of the case the testimony of her witnesses was unimpeached and uncontradicted, that she was therefore entitled to judgment and that the lower court erred in holding otherwise.

Plaintiff's case, upon the trial, was made up almost

exclusively of admissions claimed to have been made by the alleged trustee, Ellen Dora Lane, during her lifetime, coupled with evidence of payments claimed to have been made by her pursuant to the provisions of the trust, which payments it is contended constituted evidence of the recognition of the trust by the trustee. Defendant did not cross-examine plaintiff's witnesses and offered no evidence in her own behalf. Counsel for appellant, in support of their contention that the judgment for defendant should be reversed, argue and cite numerous cases as holding that a court may not arbitrarily disregard uncontradicted testimony which is not inherently improbable. Unquestionably the general rule is as contended for by appellant. But appellant is in error in assuming that the case made by her was uncontradicted. She overlooks the fact that the property in controversy, according to her complaint, had been transferred to the defendant who now has possession of it. ■ That possession raises a presumption of ownership in the defendant. This presumption to have substance must refer to and embrace the equitable as well as the legal title, since ownership is the right of a person to possess and use a thing to the exclusion of others. (Civ. Code, sec. 654.) ■ Since a presumption of ownership, like all presumptions, is evidence in this state, it was for the lower court to determine the weight to be given to it. That court may properly have considered that the case made out by the plaintiff was not so clear and unequivocal as to justify it in holding for the plaintiff in the face of the presumption. It must be borne in mind that a trial court may properly conclude that a presumption outweighs in evidentiary value the testimony of many witnesses. (See *People* v. *Chamberlain,* 7 Cal. (2d) 257 [60 Pac. (2d) 299].)

■ Moreover, the case presented by plaintiff was made up almost exclusively of testimony of conversations had some years before with a person since deceased. Situations of that kind were considered by our Supreme Court in the case of *Austin* v. *Wilcoxson,* 149 Cal. 24, 29 [84 Pac. 417]. In that case the plaintiff had likewise sought to prove an oral trust by the evidence of witnesses to declarations said to have been made by an alleged settlor of a trust. As in the instant action no written memorandum by the settlor was offered to substantiate the case of the plaintiff. In affirming a judgment in favor of the defendant the court said: ''In considering what evidence may

be regarded as clear and convincing in the establishment of such a trust, it must be borne in mind that the code enjoins caution in the reception of evidence of the oral admissions of a person (Code Civ. Proc., sec. 2061), even when that person is living. When he is dead, and when, from the very nature of the evidence offered, it is impossible generally to contradict the witnesses who testify, reason suggests an even greater degree of caution, and it is not stating it too strongly to say that evidence so given under such circumstances must appear to any court to be in its nature the weakest and most unsatisfactory. [Citing cases.]'' Another principle that was alluded to above which must be taken into consideration in reviewing appellant's case has been stated by Mr. Pomeroy as follows: ''The declaration of trust, whether written or oral, must be reasonably certain in its material terms; and this requisite of certainty includes the subject-matter or property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quantity of interests which they are to have, and the manner in which the trust is to be performed. If the language is so vague, general, or equivocal that any of these necessary elements of the trusts is left in real uncertainty, then the trust must fail.'' (Pomeroy's Eq. Jur. 4th ed., sec. 1009, quoted with approval in *Lefrooth* v. *Prentice,* 202 Cal. 215, 227 [259 Pac. 947].) In the circumstances shown by the record we cannot hold that the lower court erred in its conclusion that the plaintiff did not make out a sufficiently clear case to authorize a judgment in her favor.

Another point of secondary importance is urged by appellant. She contends that the lower court committed error in denying her a jury trial since her suit was one at law and not in equity. In our opinion the contention is unsound. The complaint alleges the existence of a trust which it asks that the court decree and carry into effect and also that the defendant, as trustee, be required to account for the trust res which is alleged to be in her possession. In California courts of equity have exclusive jurisdiction of suits involving such issues. (*Woolsey* v. *Woolsey,* 121 Cal. App. 576, 581 [9 Pac. (2d) 605].) The case of *Austin* v. *Wilcoxson, supra,* upon which appellant relies in this connection, does not support her contention. As the court there pointed out the action was not one to enforce a trust but was one at law to recover a speci-

fied sum of money of which the defendant was alleged to have taken possession and which he refused to pay to plaintiff. The court also referred to the fact that the enforcement of a trust in equity has in contemplation, among other things, the terms, conduct and management of the trust which matters were not involved in the case before it.

It is of course settled that when a balance has been ascertained an action at law may be maintained by either the beneficiary or the trustee in certain instances. (*Vail* v. *Pacific Fish Products Co.*, 76 Cal. App. 58, 78 [243 Pac. 869].) But such is not the case before this court.

The judgment of the lower court is affirmed.

Nourse, P. J., and Spence, J., concurred.