[Civ. No. 7212. Fourth Dist. Mar. 3, 1964.]

BARBARA J. LIVERNOIS, Plaintiff and Respondent, v. GEORGE F. BRANDT et al., Defendants and Appellants.

302

G. L. Bendickson for Defendants and Appellants.

Dickenson, Sattinger & McKee and Richard A. McKee for Plaintiff and Respondent.

GRIFFIN, P. J.—Plaintiff-respondent brought this action for declaratory relief (more in the form of an action to declare a trust) against defendants and appellants George F. Brandt, and Margaret Brandt, individually and as administratrix of the estate of Wallace George Brandt, deceased, to declare her to be an equitable owner of an undivided one-fourth interest in certain real property in Imperial Valley and to declare George F. Brandt a trustee holding said property for plaintiff and to order him to execute a deed to an undivided *one-half* interest therein to defendant Margaret Brandt as administratrix of the estate of Wallace George Brandt, deceased; that she, as administratrix, be required to list said property in the inventory of the estate of Wallace George Brandt, deceased, subject to administration of said estate and for an accounting of any money received since the death of Wallace George Brandt on account of the purchase price from the sale of said property to the extent of plaintiff's interest therein.

Defendants, in their answer, deny generally these claims and state that plaintiff had no interest in said property at any time or in any funds derived from a sale thereof. It is claimed by defendants that defendant George F. Brandt held title to the interest of Wallace Brandt in the property as trustee for the benefit of his wife, Margaret Brandt.

The property involved consists of three separate but adjoining parcels of land:

Parcel No. 1 consisted of 97 acres and was originally bought by Wallace Brandt in 1916 and was transferred to his father, George F. Brandt, without consideration, because of some threatened divorce action by his first wife, about Jan-

uary 17, 1958, about one year before Wallace died. Both Wallace and George lived upon and worked this ranch together.

Parcel No. 2 consisted of 100 acres originally purchased by George F. Brandt in 1916. It was planted to alfalfa.

Parcel No. 3 consisted of 320 acres purchased by George F. Brandt and his wife as joint tenants. His wife died in 1954.

Plaintiff was and is the daughter of Wallace Brandt, the deceased, by a former marriage, which ended in divorce in 1957. Plaintiff is the grandaughter of George F. Brandt.

It appears that about nine months before the death of Wallace Brandt, the three tracts of land were sold to one John Jackson for $125,000. The downpayment was divided equally between the father George and the son Wallace. George F. Brandt has executed a purported assignment, to become effective at the close of escrow, of one-half of the balance remaining due upon a note and trust deed on said property, securing the payment of the purchase price by the buyers.

As is noted, the complaint alleges that it was the intention of Wallace and George to permit George to hold title to a *one-half interest* in all of said real property as *trustee for Wallace*. The prayer is that plaintiff be declared to be the equitable owner of an *undivided one-fourth interest* in said property and that she be declared to own an undivided one-fourth interest in the note and trust deed.

The pretrial order signed by the judge recites that the issues of fact disclosed by the pleadings are: "Did George Brandt hold a *one-half interest* in the real property and the note and trust deed which is in the escrow and the moneys which have been paid for the purchase of this real property as trustee for Barbara Livernois?" (Italics ours.) or as trustee for Margaret Brandt?

The trial judge filed a memorandum opinion finding that Wallace was the equitable owner of an undivided *one-half interest* in all the real property and a one-half interest in any rights accruing under the contract for its sale; that George Brandt held such one-half interest as trustee for Wallace prior to the death of Wallace and also prior to the marriage of Wallace to defendant Margaret Brandt, and that such undivided one-half interest passed to his heirs at law, Margaret Brandt, his wife, and plaintiff Barbara Livernois, his daughter, and that each of them is entitled to an undivided one-half interest of the share of Wallace or a one-fourth interest in the whole;

that there was no trust in favor of Margaret Brandt and that Margaret Brandt as administratrix should list said undivided one-half interest of Wallace Brandt, deceased, and inventory it in his said estate, and George and Margaret should account to plaintiff for plaintiff's share of all proceeds from the sale money paid after the death of Wallace.

Findings of fact were then signed by the trial court, specifically providing that in the year 1957 George Brandt declared himself trustee of an *undivided one-half interest* in certain described real property (parcels No. 2 and No. 3) for the benefit of Wallace George Brandt; that Wallace expended time, skill and money upon the improvement of said real estate and accordingly said oral declaration of trust was partially executed. It then found that about January 17, 1958, Wallace transferred, in trust, the legal title to parcel No. 1 to George upon the agreement by George that he would hold the same in trust for Wallace and that he does now so hold it. It then found that the entire parcel No. 1 (not one-half, as heretofore alleged and specified in the pretrial order) was the sole and separate property of Wallace, and this interest vested in plaintiff Barbara Livernois and defendant Margaret Brandt individually, each having an *undivided one-half interest* in it, and directed that it be included in and inventoried in the estate of Wallace and distributed according to law together with all moneys paid or agreed to be paid by the Jacksons under contract of purchase.

The judgment provides that George should execute deeds of such property to the administratrix of Wallace's estate to effectuate a transfer of such interests. The judgment then provides that should said real property or the proceeds from the sale thereof be disposed of prior to the judgment's becoming final, plaintiff have and recover from Margaret Brandt or George F. Brandt judgment for an amount equivalent to her proportionate interest in said real property and the proceeds thereof, said amount to be determined by the appointment of an appraiser by order of the court and that the court retain jurisdiction to make such further orders as may be necessary to effectuate the enforcement of the judgment.

Judgment was entered that plaintiff be declared to be the owner of an *undivided one-fourth interest* in parcels No. 2 and No. 3 and the owner of a *one-half interest* in parcel No. 1 and a similar proportionate share in the note and trust deed and money heretofore paid on said property, and that the court retain jurisdiction to make further orders.

On this appeal, the first complaint is that the findings and judgment are not in accord with the relief prayed for in the complaint, exceeded the scope of the issues set forth in the pretrial order, and are against the law. We are in accord with this conclusion.

The complaint and pretrial order alleged that it was the intention of both Wallace and George that George should hold an *undivided one-half interest* in said property as trustee for Wallace, and upon the death of Wallace, Wallace's interest devolved upon plaintiff and defendant Margaret Brandt, equally, as his heirs at law. Therefore, under the pleadings and pretrial order, plaintiff claimed only a one-half interest therein, leaving one-half of that one-half to defendant Margaret Brandt and accordingly defendant George F. Brandt would be the owner of the remaining one-half interest. They proceeded to trial on this theory. The oral opinion so provided, but the signed findings and judgment did not so provide. For the first time, the trial court found that George held all of parcel No. 1 (97 acres) in trust for Wallace Brandt, and declared that George held an undivided one-half interest in the remainder (parcels No. 2 and No. 3) which would result in awarding plaintiff one-half of parcel No. 1 and one-fourth of parcels No. 2 and No. 3.

It is the general rule that a plaintiff must recover, if at all, upon the cause of action set forth in the complaint and not upon some other cause which may be developed by the proofs. (*Reed* v. *Norton,* 99 Cal. 617 [34 P. 333]; *Northern Railway Co.* v. *Jordan,* 87 Cal. 23 [25 P. 273]; *Tobola* v. *Wholey,* 75 Cal.App.2d 351 [170 P.2d 952].) In *People* ex rel. *Dept. Public Works* v. *Valley Drive-in Theater Corp.,* 206 Cal.App.2d 309 [23 Cal.Rptr. 626], this court held that the pretrial order supersedes the issues raised by the pleadings and controls the subsequent course of the case as long as it remains unmodified. The parties and the court are bound by the agreed statement of the facts and issues and are not authorized to make findings contrary thereto without proper modification of the agreement and the pretrial order. See rule 216, California Rules of Court. No request was here made for amendment of the pleadings nor for amendment of the pretrial order.

In answer thereto, plaintiff argues that the pretrial order was sufficient to support the order and it being a declaratory relief action the court was authorized to make the order rendered or, if improper, plaintiff suggests that this court might

properly reduce plaintiff's interest in parcel No. 1 to one-fourth and affirm the judgment as amended. (Citing *American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210 [246 P.2d 935].) Since the sale of the property is pending and a partial payment has been made thereon, plaintiff's main interest is to secure a proportionate share of the proceeds. The sale was of the entire properties, lumped together, and not by parcel. There was evidence that some of this property had a valuation of $10, $12 or $15 per acre, without specifying the parcels. Defendants claim that if plaintiff should be awarded one-half of parcel No. 1, probably the most valuable acrewise, and one-fourth of the remainder, it would be difficult for anyone to determine the proportionate share plaintiff would be entitled to receive from the proceeds of the sale of the entire property without an appraisal of the separate parcels. This suggestion appears to be meritorious if there was sufficient evidence that the property was being held in trust for the benefit of plaintiff. (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970]; *Gudger* v. *Manton,* 21 Cal.2d 537 [134 P.2d 217].)

Defendants concede that with a reduction of plaintiff's interest in parcel No. 1 to a one-fourth interest, a formula for the distribution of the entire proceeds would be more workable in the interpretation of the decree in which a one-fourth interest in the entirety could be appraised in the estate.

The testimony in respect to this property's being held in trust for the benefit of plaintiff is not entirely satisfactory or convincing. The evidence is uncontradicted in this case that George F. Brandt held legal title to all of the real property at issue herein at the time of the death of Wallace George Brandt. ▮ The presumption that the holder of legal title owns the full beneficial interest in the property can be overcome only by clear and convincing evidence. (*Estate of Schechtman,* 162 Cal.App.2d 365 [328 P.2d 478].) This means that one who would claim that property which stands of record in another, and is held in trust for his benefit, must establish his claim by evidence that is clear, satisfactory and convincing. (*Eldred* v. *Estate of Tsheppe,* 19 Cal.App.2d 159 [65 P.2d 88]; *Woodside* v. *Hewel,* 109 Cal. 481 [42 P. 152]; *Lane* v. *Whitaker,* 50 Cal.App.2d 327 [123 P.2d 53].)

The testimony of George Brandt was that he was the legal titleholder of the entire acreage; that parcel No. 1 (97 acres) did belong to Wallace and Wallace deeded it to him in 1958 and he and Wallace farmed all the property together; that he bought parcel No. 2 (100 acres), the alfalfa land, in 1916; that parcel No. 3 (320 acres) was owned by George and

his wife in 1954 as joint tenants and on her death he then owned it all; that after that he and Wallace lived together; that later he lived in Chula Vista so Wallace was running the entire ranch for them; that Wallace got all the profits from his ranch (parcel No. 1) and he (George) took the profits from his ranch (parcels No. 2 and No. 3); that Wallace charged George nothing for his work over a period of several years, up to 1959; that they jointly leveled 40 acres of land in parcel No. 3 and both financed it, putting in about $10,000 each; that about six months after his wife died, he and Wallace had an oral agreement that Wallace was to have one-half of parcel No. 3; that as to parcel No. 2, Wallace had nothing to do with that; that he had owned that parcel for many years and Wallace had farmed it for him for that length of time and he sold that parcel in the one sale.

George Brandt further testified that Wallace had a discussion with him about deeding parcel No. 1 to George in trust so plaintiff Barbara Livernois "could not come in for one penny of his money"; that George agreed to it and that same day a deed was made by Wallace to George; that it was agreed between Wallace and George that when they came to sell all three parcels, they would sell it all, even though it all stood in George's name, and each would receive one-half of the proceeds; that the reason Wallace put parcel No. 1 in George's name was because he did not want Barbara to have any of it. He then said that he did not consider Wallace a one-half owner of the entirety, but that he owed him something for all the work and money he (Wallace) had put into the ranches (several thousand dollars); that he built a house for Wallace on parcel No. 1, without pay, and went fifty-fifty on all their dealings; that they sold the property and each received a check for $12,500 downpayment and two other checks for $5,000, and later, under some claimed joint tenancy agreement filed in escrow, George received a check for $5,000 and the other joint tenant, defendant Margaret Brandt, received a check in a similar amount. There was evidence that in June 1957, before the sale, George and Wallace each received a check for $5,000 for rental of the entire acreage.

The record is not clear, but George testified that Wallace and George made a joint tenancy deed of the property sold providing that if one died all the balance due went to the other, and the escrow clerk "tore it up" and this same day George "signed it over to Margaret." George testified that he agreed that if anything happened to Wallace he would see that Margaret would receive his one-half share of it. George

further related that as to parcel No. 1, in January 1958 Wallace told him that he wanted to secure himself so Barbara Livernois could not obtain "one penny of his money" and this was the reason he was signing it over to George; that if anything happened to him he wanted George to take care of it and sign it over to Margaret, that is, his one-half share; that there was no conversation about parcels No. 2 or No. 3 until the property was sold and then they agreed to go fifty-fifty on the proceeds. He related that plaintiff did not like her grandfather George and she indicated that he and his wife were the "scum of the earth" in her eyes.

Margaret Brandt testified that she was married to Wallace, once in Mexico on August 2, 1957, and again in Nevada on July 25, 1958. She said that George and Wallace discussed this property on many occasions in her presence; that she was sure they went fifty-fifty on the division of the proceeds and on farming, and that all of the property was involved; that they agreed to go fifty-fifty on the proceeds of the sale; that in January 1958 Wallace deeded parcel No. 1 to George, and she heard Wallace say on many occasions that he did not want Barbara to have any of his property because she hurt him in testifying in his divorce action.

She testified that she and Wallace made out a mutual will after their marriage, but lost it; that 320 acres (parcel No. 3) was George's property; that he held title to it but he agreed to give or *had given* Wallace a one-half interest in it in 1956.

Barbara Livernois, plaintiff herein, testified that the last time she saw her father was in 1957; that he visited her then and said, "I will know when you are in trouble and I will always be here to help you"; that she never saw him thereafter, but did go to his funeral. No testimony was given by her indicating that Wallace ever said anything about holding any property in trust for her or anyone else. She admitted writing a letter to Wallace, marked exhibit A, in which she said: "Before I was married I told you that I wanted no part of George and Pauline's money and that goes for your money."

One witness testified that she knew George and Wallace for many years; that she knew they were leveling the 40 acres of parcel No. 3 and she heard conversation about plaintiff Barbara Livernois, after the divorce of her parents, and Wallace was upset because Barbara berated him in the courthouse hall, and Wallace said many times that he did not want Barbara or her mother to have any part of his property.

Plaintiff produced no evidence of any claimed trust except that which might have been elicited from the defendants themselves, called under Code of Civil Procedure, section 2055.

Defendants contend that the findings of the trial court are based upon evidence that is not clear and convincing and will not support the conclusions and judgment reached.

██ If there was any evidence that George held any of this property in trust, all of that evidence was to the effect that it was in favor of, or for the benefit of, Margaret Brandt and that it was the intention of both parties to the agreement that plaintiff should *not* partake of it or its proceeds. (*Tapia* v. *Demartini*, 77 Cal. 383 [19 P. 641, 11 Am.St.Rep. 288]; *Camperi* v. *Chiechi*, 134 Cal.App.2d 485, 510 [286 P.2d 399].)

The only theory which has evidentiary support would be that Wallace did own a one-half interest in the returns from the sale, as agreed upon by Wallace and George; that by reason of the death of Wallace, who died without executing a will, and the property being the separate property of Wallace, plaintiff Barbara Livernois had a right of inheritance to a specified interest in said returns, at the time of his death, and accordingly that one-fourth interest should be determined and inventoried in his estate proceedings. The same may be said in reference to the defendant wife's one-fourth interest in the estate, as ordered by the trial court.

Probate Code, section 221, provides: ''If the decedent leaves a surviving spouse, and only one child . . . the estate goes one-half to the surviving spouse and one-half to the child or .issue.'' This would leave the other one-half interest as property of defendant George F. Brandt.

The findings and decree should be and are modified accordingly. It should be and it is further found that should the returns from the sale fail, and the property return to the grantor, it is decreed that plaintiff Barbara Livernois, the daughter, and defendant Margaret Brandt, the wife, have a one-fourth interest in the entire property as described in the deed and in the decree here entered. The provision for retention of jurisdiction over the subject matter and possible appointment of appraisers is deleted from the judgment.

As thus modified, the judgment is affirmed; each party to pay own costs on appeal.

Coughlin, J., and Brown (Gerald), J., concurred.