**PARK OIL, INC. (a/k/a Park Oil Company, Inc.), Defendant, Appellant,**

**v.**

**GETTY REFINING AND MARKETING COMPANY, Plaintiff, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 12, 1979.\*

Decided Oct. 11, 1979.

---

\* The appeal was submitted at oral argument on March 13, 1979, but thereafter it was stayed at the request of counsel. It was resubmitted for decision, without additional argument, on September 12, 1979.

534

James R. Leonard, of Potter & Carmine, P. A., Wilmington, for defendant.

Stephen E. Herrmann, of Richards, Layton & Finger, Wilmington, for plaintiff.

Before DUFFY, McNEILLY and QUILLEN, Justices.

PER CURIAM:

In this action the Court of Chancery entered a money judgment for Getty Refining and Marketing Company (plaintiff) against Park Oil, Inc. (defendant) in the amount of $492,450.04.* Park Oil has appealed and its argument in support thereof is directed, not to the amount of the judgment, but to the Court's jurisdiction to enter it.

■ Briefly, Park Oil contends that the Court of Chancery did not have jurisdiction because Getty's claim is essentially legal and thus not within the subject matter jurisdiction of an equity court. It is clear, under statutory and settled case law, that the Court of Chancery does not have jurisdiction over any matter for which there is an adequate remedy at law. 10 *Del.C.* § 342; *Hughes Tool Company v. Fawcett Publications, Inc.,* Del.Supr., 315 A.2d 577, 579 (1974); *In re Markel,* Del.Supr., 254 A.2d 236, 239 (1969); *In re Wife, K.,* Del. Ch., 297 A.2d 424, 426 (1972).

■ Here, a fair reading of the complaint indicates that it is founded, not only on contract claims to a money judgment, but also on transfers of various properties in fraud of Getty's creditor claims. Indeed, at an early stage of the proceeding the Court of Chancery entered an injunction prohibiting such transfers. Park Oil concedes that the injunction was proper, but argues that thereafter the Court should have stayed the case and remitted the parties to the law (Superior) Court for a determination of the contract claims. However, Getty's claim, although not reduced to judgment at the time the complaint was filed, was cognizable in the Court of Chancery under the Uniform Fraudulent Conveyances Statute. 6 *Del.C.* § 1310; *E. M. Fleischman Lumber Corp. v. Resources Corp. Int.,* Del.Ch., 98 A.2d 506 (1953).

* Individual defendants in the Chancery action are not parties to the appeal.

There is, in this case, an additional independent basis for equity jurisdiction arising out of Getty's allegation that the "corporate veil of Park Oil" should be pierced to obtain judgments against the individual defendants. In *Sonne v. Sacks,* Del.Supr., 314 A.2d 194, 197 (1973), this Court held that such an action will lie only in the Court of Chancery; we said:

"In our opinion, piercing the corporate veil may be done only in the Court of Chancery, when the purpose of the action is to obtain a judgment against individual stockholders or officers, or against other corporations which have received assets without consideration."

Under settled principles of equity jurisprudence, once equity jurisdiction had attached, as it did here, the Court properly proceeded to deal with the whole matter. *Wilmot Homes, Inc. v. Weiler,* Del.Supr., 202 A.2d 576, 580 (1964); *Pomeroy's Equity Jurisprudence* § 231 (1941).

Park Oil also contends that the grant of summary judgment to plaintiff abrogated its right to a jury trial. See *Del.Const.,* Art. I, § 4; *In re Markel, supra.* The right to a jury trial, however, applies to an action at law; it does not apply in an equity suit. 27 *Am.Jur.2d* Equity § 238.

After reviewing the record, we are satisfied that there was not a genuine issue as to any material fact and that the Court of Chancery's award of summary judgment was, under all the circumstances, appropriate.

Affirmed.