ALABAMA BY–PRODUCTS CORPORA-
TION, and Drummond Company, Inc.,
as Successor–in–Interest, Respon-
dent/Defendants Below–Appellants,

v.

Phil H. NEAL, Jr., Phil H. Neal, Jr.,
Trustee under Trust Instrument Dated
9/15/65 for the benefit of Samuel Ab-
ney, Britton Neal, Phil Hudson Neal,
III, Sarah B. Neal, McMillan, Ltd.,
Preston H. Haskell, Wyatt R. Haskell,
Wyatt R. Haskell, Trustee under Trust
Agreement dated 10/13/76, James Rob-
ert Hendrix, Henry S. Lynn, Henry
Sharp Lynn, Jr., Walter E. Shackelford,
Henry F. Cleveland, Rucker Agee, Law-
rence Rosen, Berney Perry & Company,
Sidney W. Smyer, Jr., Southtrust Bank
of Alabama, N.A., as Co–Trustee, Egger
& Co., Cede & Co., George W. Barber,
Jr., Julia W. Barber Trust for Barber
Family, Julia W. Barber Trust for Lud-
ington Family, Julia W. Barber Trust
for Wohle Family, Julia W. Barber
Trust of 1969 for Frederick Ludington
Family, J. Pat Turner, Edward T. Doug-
las, Jr., Margaret Douglas, Marguerite
D. Caddis, Florence D. Williams, Am
South Bank, N.A., as Trust of Florence
Douglas Marital Trust, Am South
Bank, N.A. as Trustee for Florence
Douglas Family Trust, and Am South
Bank, N.A. as Trustee for Florence N.
Douglas Family Trust B, Petition-
ers/Plaintiffs, Below–Appellees.

Supreme Court of Delaware.

Submitted: Feb. 20, 1991.
Decided: March 8, 1991.
Rehearing Denied March 27, 1991.

Robert K. Payson, Arthur L. Dent of Potter, Anderson & Corroon, Wilmington, and Allan M. Pepper (argued), and Aton Arbisser of Kaye, Scholer, Fierman, Hays & Handler, New York City, for appellants.

R. Franklin Balotti, C. Stephen Bigler of Richards, Layton & Finger, Wilmington, and Hobart A. McWhorter, Jr. (argued), and Edward M. Selfe of Bradley, Arant, Rose & White, Birmingham, Ala., for appellees.

Before CHRISTIE, C.J., MOORE and HOLLAND, JJ.

HOLLAND, Justice:

This appeal challenges an appraisal, pursuant to 8 *Del.C.* § 262, of approximately 120,000 shares of the stock of Alabama By–Products Corporation ("ABC"). Following a short-form merger between ABC and Drummond Holding Corporation ("Drummond") effective August 13, 1985, ABC was absorbed into Drummond. The ABC minority shareholders were cashed-out, pursuant to the merger, and received $75.60 per share. That consideration reflected the $75.00 per share paid to ABC shareholders pursuant to a tender offer less than six months earlier, plus a $.60 quarterly dividend that had been missed in 1985. After a six-day trial, the Court of Chancery issued a fifty-three page opinion which concluded that the fair value of ABC stock on August 13, 1985 was $180.67 per share, and that the petitioners/appellees ("petitioners") were entitled to that amount, with interest thereon at 12.5% per annum from that date until paid.

The appellants/respondents ("respondents") acknowledge that if the Court of Chancery had rejected their contentions with respect to the value of ABC's stock based solely upon the weight of the evidence, there would be little for this Court to review. However, according to the respondents, the Court of Chancery injected an inapposite consideration into the determination of fair value, thereby skewing the statutory appraisal process. Specifically, the respondents contend that the Court of Chancery's reliance on evidence of wrongdoing in the merger, when determining value in a statutory appraisal proceeding, was an error of law that mandates reversal by this Court.

We have carefully reviewed the record in this case. We have concluded that the decision of the Court of Chancery should be affirmed.

An appraisal action is "entirely a creature of statute." *Cede & Co. v. Technicolor, Inc.,* Del.Supr., 542 A.2d 1182, 1186 (1988) (citing *Weinberger v. UOP, Inc.,* Del.Supr., 457 A.2d 701, 714 (1983); *Kaye v. Pantone, Inc.,* Del. Ch., 395 A.2d 369, 374–75 (1978)). It is a limited legislative remedy which is intended to provide shareholders, who dissent from a merger asserting the inadequacy of the offering price, with an independent judicial determination of the fair value of their shares. *Id.* The governing statute, provides, *inter alia,* that "the Court shall appraise the shares, determining their fair value exclusive of any element of value arising from the accomplishment or expectation of the merger or consolidation...." 8 *Del.C.* § 262(h). Accordingly, the value of the appraisal petitioners' shares on the date of the merger is

the only litigable issue in a statutory appraisal under Section 262. *Cavalier Oil Corp. v. Harnett*, Del.Supr., 564 A.2d 1137, 1142 (1989); *Cede & Co. v. Technicolor, Inc.*, 542 A.2d at 1187.

■ This Court has noted that appraisal may be an inadequate remedy in certain cases "particularly where fraud, misrepresentation, self-dealing, deliberate waste of corporate assets, or gross and palpable overreaching are involved." *Cede & Co. v. Technicolor, Inc.*, 542 A.2d at 1187 (citing *Weinberger v. UOP, Inc.*, 457 A.2d at 714). Nevertheless, this Court has consistently held that *"statutory appraisal is limited* to 'the payment of the fair value of the shares ... by the surviving or resulting corporation....'" *Cede & Co. v. Technicolor, Inc.*, 542 A.2d at 1189 (citing 8 *Del.C.* § 262(i)) (emphasis added). Thus, claims for unfair dealing cannot be litigated in the context of a *statutory* appraisal. *Id.*

In the case *sub judice*, there is no dispute that the Court of Chancery properly dismissed the petitioners' claim for unfair dealing, noting that "[t]o authorize the joinder of appraisal and unfair dealing actions as proposed here would result in a hybrid appraisal action, effectively broadening the legislative remedy afforded under [§ 262]." *Phil H. Neal, Jr. v. Alabama By–Products Corp.*, Del. Ch., C.A. No. 8282, slip op. at 10, 1990 WL 109243 Chandler, V.C. (August 1, 1990). However, the Court of Chancery then stated "[i]f corporate fiduciaries engage in self-dealing and fix the merger price by procedures not calculated to yield a fair price, these facts should, and will, be considered in assessing the credibility of the respondent corporations' valuation contentions." *Id.* at 11 (citing *Pinson v. Campbell–Taggart, Inc.*, Del.Ch., C.A. No. 7499, 1989 WL 17438 Jacobs, V.C. (Feb. 28, 1989, *revised*, April 21, August 11, and November 8, 1989)). The respondents submit that this statement was contrary to the limited inquiry permitted by Delaware's appraisal statute and provided the improper premise upon which the Court of Chancery mistakenly pursued "an inquiry into the claims of wrongdoing in the merger," when making "a determination of fair value." *See Cede & Co. v. Technicolor, Inc.*, 542 A.2d at 1189.

The respondents' position is that even assuming a factual basis for a finding of unfair dealing, any acts of unfair dealing in the merger process can never be considered in an appraisal proceeding. The respondents, relying upon *Cede*, argue that such a conclusion follows *ipso facto*, since "claims" for unfair dealing cannot be litigated in a statutory appraisal proceeding. Thus, according to the respondents, the Court of Chancery erred as a matter of law in this appraisal proceeding when it "considered carefully the record evidence of unfair dealing while assessing the credibility of respondents' valuation contentions." *Phil H. Neal, Jr. v. Alabama By–Products Corp.*, Del.Ch., C.A. No. 8282, slip op. at 11–12.

■ The petitioners submit that evidence concerning *acts* of unfair dealing with respect to the merger was introduced, in the case *sub judice*, for two distinct purposes: first, in support of the unfair dealing claim, and second, to impeach the credibility of appellants' valuation contentions. In fact, the Court of Chancery noted that "[m]uch of the evidence introduced by petitioners to impeach the credibility of respondents' valuation contentions is also offered as support for the unfair dealing claim." *Id.* at 6. The petitioners argue that after their unfair dealing claim was properly dismissed from the appraisal proceeding, the Court of Chancery was nevertheless entitled to consider the evidence of unfair dealing for the alternate purpose for which it was introduced, i.e., to impeach the respondents' credibility. We agree.

■ The respondents' argument fails to recognize the distinction between the propriety of considering an *act of unfair dealing*, which may relate to a party's credibility, and the impropriety of considering an *action for unfair dealing* in an appraisal proceeding. Although the justiciable issue in an appraisal action is a limited one, the statute specifically provides that "all relevant factors" are to be considered by the Court of Chancery "in determining

the fair value" of shares which are subject to appraisal. 8 *Del.C.* § 262(h); *Cavalier Oil Corp. v. Harnett*, 564 A.2d at 1142–43; *Weinberger v. UOP, Inc.*, 457 A.2d at 713. There is nothing in the appraisal statute or this Court's prior holdings, including *Cede*, which suggests that the Court of Chancery may not consider the respondents' conduct at the time of the merger in assessing the credibility of the respondents' testimony in support of their valuation contentions in an appraisal proceeding.[1]

■ This Court has recognized that the weight to be ascribed to expert valuations necessarily depends on the validity of the assumptions underlying them. *See Cavalier Oil Corp. v. Harnett*, 564 A.2d at 1146. Where those assumptions are values supplied by others, the conduct of such other persons is probative of their credibility and of the information being supplied to the expert. The credibility of the respondents was squarely at issue in this appraisal proceeding because the experts retained by the respondents relied upon information supplied to them by the respondents. The valuation analysis prepared by the respondents' expert contained the following disclaimer:

This memorandum has been compiled only for purposes of *Neal v. Alabama By-Products Corporation*, an appraisal proceeding in Delaware Chancery Court. Neither Lazard Freres & Co. nor any of its partners, employees, affiliates, nor agents makes any representation or warranty as to the accuracy or completeness of the materials contained herein.

Although the worth of any fairness or valuation opinion containing such a disclaimer is questionable on its face, the Court of Chancery accepted the "discounted future cash flow methodology" of the respondents' expert as "the appropriate valuation model in this case." *Phil H. Neal, Jr. v. Alabama By-Products Corp.*, Del.Ch., C.A. No. 8282, slip op. at 21. It then proceeded to "review the assumptions and underlying factual premises for the valuation methodology actually used by both respondents and petitioners." *Id.* at 22. The Court of Chancery considered each factual premise upon which the parties disagreed, resolving some of the evidentiary disputes based upon the petitioners' evidence and some based upon respondents' evidence. Consequently, this

---

1. In the case *sub judice*, the Court of Chancery properly appreciated this limitation on the relevant use of unfair dealing evidence in an appraisal proceeding. However, because it relied upon *Pinson* in doing so, some comments of clarification about a portion of *Pinson* are appropriate. In *Pinson*, the Court of Chancery stated "[i]f a particular merger price would not be 'entirely fair' in an equitable action claiming breach of fiduciary duty, no different result should obtain in an appraisal, where the issue is whether that identical merger price constitutes 'fair value.'" *Pinson v. Campbell-Taggart, Inc.*, Del.Ch., C.A. No. 7499, slip op. at 18. It is true that in a *cause of action* for a breach of fiduciary duty, the Court of Chancery may fashion any form of equitable and monetary relief that is appropriate. *Cede & Co. v. Technicolor, Inc.*, 542 A.2d at 1187; *Weinberger v. UOP, Inc.*, 457 A.2d at 714. However, such an expansive remedy, which may include an appraisal valuation approach, is only available in an action for a breach of fiduciary duty. *See Cede & Co. v. Technicolor, Inc.*, 542 A.2d at 1187–88. To the extent that the "no different result" language in *Pinson* suggests that a form of equitable relief may be fashioned in a *statutory* appraisal proceeding, the statute and this Court's prior precedents to the contrary are controlling.

This Court has consistently held that there is no basis for expanding the limited remedy which is provided for in the Delaware appraisal statute by the invocation of equitable principles. *Cede & Co. v. Technicolor, Inc.*, 542 A.2d at 1187; *Rabkin v. Philip A. Hunt Chemical Corp*, Del. Supr., 498 A.2d 1099, 1106 (1985); *Weinberger v. UOP, Inc.*, 457 A.2d at 714. The invocation of equitable principles to override established precepts of Delaware corporate law must be exercised with caution and restraint. Otherwise, the stability of Delaware law is imperiled. While the doctrine of *Schnell v. Chris-Craft Industries, Inc.*, Del.Supr., 285 A.2d 437, 439 (1971), is an important part of our jurisprudence, its application, or that of similar concepts, should be reserved for those instances that threaten the fabric of the law, or which by an improper manipulation of the law, would deprive a person of a clear right. Since claims of unfair dealing cannot be litigated in a statutory appraisal proceeding, an act of unfair dealing cannot be the equitable basis for independently attributing value to stock in such an action. In a statutory appraisal proceeding, an act of unfair dealing is only relevant to assess the credibility of those supplying information in support of a valuation contention.

appeal is analogous to the situation that was presented in *Cavalier Oil.*

> In the final analysis, [the appellant's] argument is directed against the Court of Chancery's weighing of the evidence offered by his expert. The [Court of Chancery] did not reject the methodology, but merely its *lack of a reliable factual premise.* A factual finding based on a weighing of expert opinion may be overturned only if arbitrary or lacking any evidential support.

*Cavalier Oil Corp. v. Harnett,* 564 A.2d at 1146 (citation omitted) (emphasis added).

■ The Court of Chancery's fifty-three page opinion reflects that it carefully made factual findings regarding the fair value of ABC's stock based upon record documentary evidence, the weighing of expert testimony, and the credibility of other witnesses, including the respondents' representatives. Where factual determinations turn on a question of credibility and the acceptance or rejection of testimony by the trier of fact, they will be accepted by this Court.

*Id.* (citing *Barks v. Herzberg,* Del.Supr., 206 A.2d 507, 509 (1965)). "It is well settled that the trier of fact is the sole judge of the credibility of witnesses and the weight to be accorded their testimony and is responsible for resolving conflicts in the evidence." *Shively v. Klein,* Del.Supr., 551 A.2d 41, 45 (1988) (citations omitted).

The Court of Chancery's decision in this appraisal proceeding was not arbitrary. Its factual findings are supported by the record. Its valuation of ABC's shares is the product of an orderly and logical deductive process. *Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972). Therefore, the decision of the Court of Chancery is AFFIRMED.