[No. B116328. Second Dist., Div. Four. Apr. 14, 1998.]

INTERACTIVE MULTIMEDIA ARTISTS, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ALLSTATE INSURANCE COMPANY et al., Real Parties in Interest.

**COUNSEL**

Troop, Meisinger, Steuber & Pasich, John M. Genga, David A. Householder and Mehran Arjomand for Petitioner.

No appearance for Respondent.

Jeffer, Mangels, Butler & Marmaro, Paul L. Warner, Dan P. Sedor and Kenneth W. Muller for Real Parties in Interest.

**OPINION**

**EPSTEIN, J.**—Petitioner, Interactive Multimedia Artists, Inc. (IMA), entered into a subscription and stockholders agreement (Agreement) which included a choice of law provision selecting Delaware law. The trial court found the choice of law provision enforceable, and applying Delaware law, struck IMA's request for a jury trial on a breach of fiduciary claim by which IMA sought monetary damages. Petitioner sought our intervention on the jury trial issue. We granted an alternative writ and stayed trial court proceedings, in order to consider whether IMA is entitled to a jury trial. We conclude that the Delaware action for breach of a fiduciary duty is an equitable action under both Delaware law and California law and hence that IMA is not entitled to a jury trial. We therefore deny IMA's petition for a writ of mandate/prohibition.

FACTUAL AND PROCEDURAL SUMMARY

IMA is a California corporation with its principal place of business in California. In February of 1995, IMA entered into an Agreement with

Allstate Insurance Company, Sylvan Learning Systems Inc., Management Alliance Corporation, Douglas Becker, and Michael Curran (collectively, real parties). Management Alliance Corporation is also incorporated in California, with its principal place of business in this state. Under the Agreement a new entity, Advanced Drivers Education Products and Training Inc. (Adept), was incorporated in Delaware under the General Corporation Law of that state. Adept's principal place of business is in California.

The Agreement contained a choice-of-law provision: "Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware applicable to agreements between Delaware residents entered into and to be performed entirely within Delaware."

Adept's business was to develop, produce, and market a drivers education product. IMA was a 15 percent shareholder of Adept. IMA developed a product, but the Adept board of directors decided not to pursue it. The board also decided to merge Adept into a new company to be called Adept Merger Inc., which it then renamed Adept (new Adept). The terms of the merger designated an amount to be given to IMA for its 15 percent share. IMA contends this amount is less than the fair value of its interest in the original Adept corporation (old Adept).

On January 16, 1996, IMA delivered to new Adept its demand for appraisal pursuant to Delaware Code Annotated title 8, section 262, subdivision (d).[1] On January 19, 1996, IMA filed suit in California but did not serve real parties. On March 26, 1996, real parties filed an action in the Chancery Court of Delaware for an appraisal of IMA's shares. Three days later, IMA served real parties with the complaint in the California action. IMA moved to stay the Delaware action, and the Delaware court granted a stay based on "principles of comity and efficiency."

IMA's amended complaint alleges causes of action for breach of fiduciary duty, breach of contract, and breach of confidence. The trial court granted judgment on the pleadings for the breach of contract claim and denied a motion for judgment on IMA's breach of fiduciary duty claims. IMA dismissed its breach of confidence claim. The remaining cause of action is for breach of fiduciary duty.

In its breach of fiduciary duty claim, IMA alleges that Allstate, Sylvan, and Management Alliance Corporation owed fiduciary duties to IMA as a

---

[1]The purpose of this statute is to protect the shareholder by providing the shareholder with a judicial determination of the fair value of its shareholdings. (*Cede & Co.* v. *Technicolor, Inc.* (Del. Super. Ct. 1988) 542 A.2d 1182, 1186.)

minority shareholder. IMA also asserts a separate cause of action for breach of fiduciary duty against the directors of old Adept, Mr. Curran and Mr. Becker. It seeks exemplary damages and costs of suit.

IMA moved *in limine* that the trial court apply Delaware law. Real parties argued that California law applies to this proceeding. The trial court concluded that the choice of law provision is enforceable and that Delaware law applies. For that reason, the trial court denied IMA's request for jury trial.

IMA petitioned for a writ of mandate/prohibition. ■ Writ relief is appropriate to secure the right to a jury trial. (*Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 654 [141 Cal.Rptr. 604].)

In its petition, IMA explains that its contention that California law applies to the jury trial question is consistent with its previous position that Delaware law governs because the law of the chosen state applies to the validity of the claims at issue, and the law of the forum state to the manner those claims will be decided. Real parties no longer argue that California law applies. They argue, instead, that if Delaware law applies, it applies in its entirety, including the jury trial issue. We granted an alternative writ and temporarily stayed the proceedings in order to decide the jury trial issue. We now deny the writ.

## DISCUSSION

■ The parties accept, in this proceeding, the trial court's determination that Delaware law governs IMA's cause of action.[2] According to IMA, its claim for breach of fiduciary duty brought under Delaware law should be characterized, under California law, as an action at law rather than in equity because IMA seeks a legal remedy, damages. (See *Asare* v. *Hartford Fire Ins. Co.* (1991) 1 Cal.App.4th 856, 867 [2 Cal.Rptr.2d 452] ["Determining whether the gist of a claim is in law or equity 'depends in large measure upon the mode of relief to be afforded.' "].)

■ ■ ■ IMA further argues that it is entitled to a jury trial, under California Constitution, article I, section 16.[3] ■ IMA relies on the Restatement Second of Conflict of Laws section 122, which provides: "A

---

[2] Neither party argues that the breach of fiduciary duty claim, based on a common law right, is excluded from the scope of the choice of law provision because it does not arise from the contract itself.

[3] The Seventh Amendment of the United States Constitution does not apply to civil actions in state courts. (*County of El Dorado* v. *Schneider* (1987) 191 Cal.App.3d 1263, 1271 [237 Cal.Rptr. 51].)

court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case." The Restatement comments that "in matters of judicial administration, it would often be disruptive or difficult for the forum to apply the local law rules of another state." (*Id.*, § 122, com. a, p. 350; see *Hambrecht & Quist Venture Partners* v. *American Medical Internat., Inc.* (1995) 38 Cal.App.4th 1532, 1542-1543, fn. 8 [46 Cal.Rptr.2d 33].) Under the Restatement, matters of judicial administration include the "form of the action"—whether a claim is at law or in equity—and the "mode of trial"—whether an action is tried to a jury or to a judge. (Rest.2d Conflict of Laws, § 122, com. a, p. 351, §§ 124, 129.) IMA also directs our attention to federal diversity cases in which federal courts have applied federal law to determine whether an action is characterized at law or in equity. (See, e.g., *Simler* v. *Conner* (1963) 372 U.S. 221, 222 [83 S.Ct. 609, 610-611, 9 L.Ed.2d 691].)

▪ IMA correctly points out that a jury trial is a fundamental right under California's system of jurisprudence. (Cal. Const., art. I, § 16; *Byram* v. *Superior Court, supra,* 74 Cal.App.3d 648, 654.) "As such, it should be zealously guarded by the courts [citations]. In case of doubt . . . the issue should be resolved in favor of preserving a litigant's right to trial by jury. [Citations.]" (74 Cal.App.3d at p. 654.) Waiver of a jury trial, to be enforceable, "must be unambiguous and unequivocal, leaving no room for doubt as to the intention of the parties." (*Trizec Properties, Inc.* v. *Superior Court* (1991) 229 Cal.App.3d 1616, 1619 [280 Cal.Rptr. 885].)

## A

▪ Under both Delaware law and California law, entitlement to jury trial depends on whether an action is legal or equitable. (*Park Oil, Inc.* v. *Getty Refining & Marketing* (Del. Super. Ct. 1979) 407 A.2d 533, 535; *Southern Pac. Transportation Co.* v. *Superior Court* (1976) 58 Cal.App.3d 433, 435 [129 Cal.Rptr. 912].) In Delaware, the equity jurisdiction of the Court of Chancery as it existed prior to the separation of the colonies determines whether an action is legal or equitable.[4] (*Du Pont* v. *Du Pont* (1951) 32 Del.Ch. 413[85 A.2d 724, 727].) ▪ In California, the right to a jury trial is coextensive with that right as it existed in 1850 under English common law. (*C & K Engineering Contractors* v. *Amber Steel Co.* (1978) 23 Cal.3d 1, 8 [151 Cal.Rptr. 323, 587 P.2d 1136].)

---

[4]We note the observation of a recent Delaware case that while, on the issue under review, "California cases do not reveal a clear doctrine," (*Draper* v. *Gardner Defined Plan Trust* (Del. Super. Ct. 1993) 625 A.2d 859, 866, fn. 10) the court saw "no reason why the California courts will not, and cannot, apply and interpret Delaware law." (*Id.* at p. 868.)

To ascertain whether IMA is entitled to a jury trial we must first classify its action—a claim for breach of fiduciary duty brought under Delaware law in which the plaintiff seeks damages—as legal or equitable. We begin with a description and analysis of the claim, then return to the issue of its classification as legal or equitable.

Under Delaware law, a board of directors of a corporation owes its shareholders duties of good faith, loyalty, and due care. (*Cinerama, Inc.* v. *Technicolor, Inc.* (Del. Super. Ct. 1995) 663 A.2d 1156, 1164.) Those duties are derived from " '[a] public policy, existing through the years [which] has established a rule that demands of a corporate officer or director, peremptorily and inexorably, the most scrupulous observance of his duty, not only affirmatively to protect the interests of the corporation committed to his charge, but also to refrain from doing anything that would work injury to the corporation, . . .' " (*Weinberger* v. *UOP, Inc.* (Del. Super. Ct. 1983) 457 A.2d 701, 710.) Violation of one of those tripartite duties constitutes grounds for an action for breach of fiduciary duty. (*Cinerama, Inc.* v. *Technicolor, Inc., supra,* 663 A.2d at p. 1164.)

The parties agree that in Delaware, analysis of a breach of fiduciary duty claim involves application of the "entire fairness test."[5] (See *Cinerama, Inc.* v. *Technicolor, Inc., supra,* 663 A.2d at p. 1172.) "Entire fairness" requires consideration of fair dealing and fair price. (*Id.* at p. 1162.) " 'The former embraces questions of when the transaction was timed, how it was initiated, structured, negotiated, disclosed to the directors, and how the approvals of the directors and the stockholders were obtained. The latter aspect of fairness relates to the economic and financial considerations of the proposed merger, including all relevant factors: assets, market value, earnings, future prospects, and any other elements that affect the intrinsic or inherent value of a company's stock. . . . However, the test for fairness is not a bifurcated one as between fair dealing and price. All aspects of the issue must be examined as a whole since the question is one of entire fairness.' " (*Id.* at pp. 1162-1163, quoting *Weinberger* v. *UOP, Inc., supra,* 457 A.2d at p. 711.)

"[T]he determination that a board has failed to demonstrate entire fairness will be the basis for a finding of *substantive* liability. The Court of Chancery must identify the breach or breaches of fiduciary duty upon which that liability will be predicated . . . ." (*Cinerama, Inc.* v. *Technicolor, Inc.,*

_____

[5]IMA states: "A fiduciary duty of entire fairness is owed by the corporate defendants as majority shareholders and by the individual defendants as directors to IMA as a minority shareholder in a freeze-out merger under Delaware law." Real parties state: "When the Respondent Court applies Delaware fiduciary duty law, it must proceed to decide the matter in equity under Delaware's 'entire-fairness' test."

*supra*, 663 A.2d at p. 1165, original italics.) If the court finds. a breach, the appropriate relief becomes an issue, but "only after a transaction is determined *not* to be entirely fair." (*Id.* at p. 1166, original italics.) In this case, the trier of fact will be required to determine whether the majority stockholders and directors followed the requisite "entire fairness" in merging old Adept into new Adept.

The "entire fairness" analysis is also employed to determine the fair value of shares in an appraisal action pursuant to Delaware Code Annotated title 8, section 262. (See *Weinberger* v. *UOP, Inc.*, *supra*, 457 A.2d 701, 714.) The difference between the breach of fiduciary duty claim and the appraisal action lies in the relief to be afforded. (*Alabama By-Products Corp.* v. *Neal* (Del. Super. Ct. 1991) 588 A.2d 255, 258, fn. 1.) Specifically, a breach of fiduciary duty action may entitle the plaintiff to a more expansive remedy including rescission or other relief based on equitable principles. (*Ibid.*; *Cede & Co.* v. *Technicolor, Inc.*, *supra*, 542 A.2d 1182, 1186-1187.)

## B

With that background, we return to the question of whether IMA's breach of fiduciary duty claim brought under Delaware law is legal or equitable. As we have stated, IMA argues the classification of the action as between law or equity must be determined under California law because the law of the forum determines whether an action is legal or equitable. Real parties argue that the broad choice-of-law provision requires application of Delaware law. To this end, they have provided relevant Delaware case law.[6] (See *Nedlloyd Lines B.V.* v. *Superior Court* (1992) 3 Cal.4th 459, 469, fn. 7 [11 Cal.Rptr.2d 330, 834 P.2d 1148].)

Determining which state's law applies would be critical if the choice of Delaware or California law were dispositive of the parties' underlying contention—whether IMA is entitled to a jury trial. But it is not. As we explain, this action is equitable under both Delaware *and* California law. Applying either law, a party is not entitled to a jury trial in an equitable action.

Delaware law characterizes " 'fairness' suits for alleged fraud and breach of fiduciary duty" as equitable claims, not cognizable at law. (*Harman* v. *Masoneilan Intern., Inc.* (Del. Super. Ct. 1982) 442 A.2d 487, 498-499.) The right to a trial by jury is not available in Delaware for a claim brought in equity. (*Park Oil, Inc.* v. *Getty Refining & Marketing, supra*, 407 A.2d at

---

[6]We take judicial notice of the relevant authority. (Evid. Code, § 452, subds. (a) & (c).)

p. 535.) Thus, under Delaware law, IMA would not be entitled to a jury trial for its equitable claim of breach of a fiduciary duty.

The more difficult question is the classification of Delaware's breach of fiduciary duty action under California law. That classification depends on the "gist of the action." (*Asare* v. *Hartford Fire Ins. Co., supra,* 1 Cal.App.4th at p. 867.) IMA argues that the gist of this action is legal because the remedy of damages is adequate and is all that is sought. For support, IMA relies on *Mortimer* v. *Loynes* (1946) 74 Cal.App.2d 160 [168 P.2d 481], *Ripling* v. *Superior Court* (1952) 112 Cal.App.2d 399 [247 P.2d 117], and *Paularena* v. *Superior Court* (1965) 231 Cal.App.2d 906 [42 Cal.Rptr. 366].

*Mortimer* v. *Loynes, supra,* 74 Cal.App.2d 160, 163, was a suit by the Building and Loan Commissioner to recover moneys withheld in connection with the sale of an apartment house. The court held: "Equitable principles furnish the standard by which to measure the conduct of the defendants in this transaction. . . . From the fact that equitable principles are thus used to establish the alleged liability of the defendants, it does not necessarily follow that the action to enforce that liability is equitable. The law courts now recognize and apply many equitable principles and grant relief based thereon where, as here, legal relief is sought in the form of a judgment for a specific amount. . . . None of the extraordinary powers of a court of equity are required in order to give plaintiff the relief that he seeks. A court of law can afford complete relief. It is thus apparent that this action is one at law." (*Id.* at pp. 167-168, citations omitted.)

Similarly, in *Ripling* v. *Superior Court, supra,* 112 Cal.App.2d 399, 402, the court concluded that ". . . even though the case involves equitable principles if it is one where the common law courts could and would grant relief, trial by jury is preserved." It thus held that parties in an action to enforce a trust were entitled to a jury trial, notwithstanding the fact that the trust relationship is generally enforced through equity. (*Id.* at p. 409.)

Relying in part on *Mortimer* and *Ripling,* the court in *Paularena* emphasized the relief sought in characterizing an action as between law and equity. (*Paularena* v. *Superior Court, supra,* 231 Cal.App.2d at p. 912.) "The fact that equitable principles are applied in the action does not necessarily identify the resultant relief as equitable. [Citations.] Equitable principles are a guide to courts of law as well as of equity. [Citations.] Furthermore, the incidental adoption of equitable sounding measures to effect the application of equitable principles in an action at law, such as for damages, does not change the character of that action. [Citations.]" (*Ibid.*)

■ Without specifically overruling those cases, our Supreme Court has determined: " ' "A jury trial must be granted where the *gist* of the action is legal, where the action is in reality cognizable at law." ' . . . On the other hand, if the action is essentially one in equity and the relief sought 'depends upon the application of equitable doctrines,' the parties are not entitled to a jury trial. . . . Although we have said that 'the legal or equitable nature of a cause of action ordinarily is determined by the mode of relief to be afforded' . . . the prayer for relief in a particular case is not conclusive . . . . Thus, '[t]he fact that damages is one of a full range of possible remedies does not guarantee . . . the right to a jury . . . .' " (*C & K Engineering Contractors* v. *Amber Steel Co., supra,* 23 Cal.3d at p. 9, citations omitted.)

In *C & K Engineering*, the court found that the parties were not entitled to a jury trial even though the plaintiff's suit was for damages. The action was entirely based on the equitable doctrine of promissory estoppel. (*C & K Engineering Contractors* v. *Amber Steel Co., supra,* 23 Cal.3d at p. 5.) The fact that "[b]oth historically and functionally, the task of weighing such equitable considerations is to be performed by the trial court, not the jury" was critical to the court's rationale. (*Id.* at p. 11.)

Based on *C & K Engineering*, a claim of breach of fiduciary duty by trust beneficiaries concerning the management of a trust was found equitable because it was based on an equitable right. (*Van de Kamp* v. *Bank of America* (1988) 204 Cal.App.3d 819, 865 [251 Cal.Rptr. 530].) The fact that the plaintiff sought damages did not alter the court's conclusion since "[a]n action is one in equity where the only manner in which the legal remedy of damages is available is by application of equitable principles." (*Ibid.*)

■ As in *C & K Engineering* and *Van de Kamp*, IMA's cause of action is based on equitable principles. The fiduciary duty of a controlling shareholder or director to a minority shareholder is based on "powers in trust." (*Jones* v. *H.F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 107 [81 Cal.Rptr. 592, 460 P.2d 464].) " ' "For that power is at all times subject to the *equitable* limitation that it may not be exercised for the aggrandizement, preference, or advantage of the fiduciary . . . . Where there is a violation of these principles, *equity* will undo the wrong or intervene to prevent its consummation." ' " (*Id.* at p. 109, quoting *Remillard Brick Co.* v. *Remillard-Dandini* (1952) 109 Cal.App.2d 405, 420-421 [241 P.2d 66], italics added.)

Trust relationships are premised on equitable principles. (See *McMahon* v. *New Castle Associates* (Del. Ch. 1987) 532 A.2d 601, 604; *Jones* v. *H.F.*

*Ahmanson & Co, supra,* 1 Cal.3d at p. 107.) In addition, "entire fairness" is about adjusting equities. (See *C & K Engineering Contractors* v. *Amber Steel Co., supra,* 23 Cal.3d at p. 11 [court is required to exercise equitable principles when it adjusts rights, equities, and interests].) The test requires weighing various considerations in order to reach a just result. (*Cinerama, Inc.* v. *Technicolor, Inc., supra,* 663 A.2d at pp. 1162-1163 [explaining entire fairness test].) That standard illustrates a court's equitable power to weigh various considerations in order to reach a just result. The sole method of obtaining damages in this case is by application of equitable principles. It follows that this action, under California law, is properly classified as an equitable action.

Under California law, a party is not entitled to a jury trial in an equitable action. (*Southern Pac. Transportation Co.* v. *Superior Court, supra,* 58 Cal.App.3d 433, 435.) Accordingly, IMA is not entitled to a jury trial in the present action under California law. Nor, as we have discussed, does IMA receive that right under Delaware law. (See *Harman* v. *Masoneilan Intern., Inc., supra,* 442 A.2d 487, 498-499.) Application of Delaware or California law to the question of whether IMA is entitled to a jury trial results in the same conclusion: The action is equitable and as such IMA is not entitled to a jury trial.[7]

## DISPOSITION

The alternative writ is denied and the stay is dissolved. The parties are to bear their own costs in this proceeding.

Vogel (C. S.), P. J., and Hastings, J., concurred.

---

[7]We have not relied on the unsolicited postargument supplemental briefs. Therefore we need not address real parties' contention that we should strike unsolicited letter briefs.