Filed 6/22/16  Goldberg v. Stelmach CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHLOMO GOLDBERG, | B250524 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LC075563) |
| v. | |
| YUVAL STELMACH et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Russell Kussman, Judge.  Affirmed.

Law Offices of Ronald Richards & Associates, Ronald N. Richards and Nicholas A. Bravo for Defendants and Appellants.

Law Offices of Leon Small and Leon Small for Plaintiff and Respondent.

Plaintiff and respondent Shlomo Goldberg sued defendants and appellants Yuval Stelmach, Rem LLC, and Tul Investments, Inc. (collectively, the Stelmach defendants) for breach of fiduciary duty. After finding that the action was one in equity for which there was no constitutional right to a jury trial, the court held a bench trial and found in Goldberg's favor. Defendants appeal, contending they were denied their constitutional right to a jury trial. We reject that contention and affirm the judgment.

**BACKGROUND**

Lea and Shlomo Goldberg invested in various business ventures with their daughter, Taly Stelmach, and her husband, Yuval Stelmach. Problems in the Goldbergs' marriage created problems in the "family enterprise," culminating in Shlomo Goldberg suing the Stelmachs and various business entities in 2003. (*Goldberg v. Stelmach* (Super. Ct. L.A. County, 2006, No. LC066042) (*Goldberg I*.).) In that prior suit, Goldberg contended that investments belonged to him, to the exclusion of his wife. *Goldberg I* rejected that contention and held that Goldberg and Lea each had a one-half interest in their investments with the Stelmachs. Thus, for example, the Goldbergs had a 15 percent interest in Tul Investments, which owned a property in Glendora. The Goldbergs' 15 percent interest from the sale of the Glendora property, $418,779, was therefore to be divided equally between the Goldbergs.

But, after *Goldberg I* concluded, Sholmo Goldberg filed this lawsuit in August 2006. He alleged, for example, that the Stelmach defendants violated their fiduciary duties by failing to distribute Goldberg's interest to him. For reasons irrelevant to this appeal, demurrers were sustained without leave to amend, but this court reversed that judgment in a nonpublished opinion. (*Goldberg v. Stelmach* (Oct. 2, 2008, B199830).)

On remand, Goldberg filed, in December 2008, the operative third amended complaint, which alleged a single cause of action for breach of fiduciary duties. According to that pleading, Goldberg "began a course of investments" with Stelmach in "various real property ventures" in Los Angeles. For each venture, a new partnership or

2

corporation was formed,[1] with Stelmach as the majority shareholder or managing partner and Goldberg as the minority partner. The Stelmach defendants breached their fiduciary duties by failing to distribute $210,000 from the sale of property in Glendora, submitting false tax documents, and failing to distribute rental proceeds. Goldberg prayed for general, special and punitive damages.

In April 2011, the Stelmach defendants posted jury fees.[2] The matter was transferred to Judge Kussman, before whom Goldberg filed, in January 2013, a motion in limine to preclude a jury trial. Although the court acknowledged that the motion technically violated court rules regarding timing, the court nonetheless thought the issue should be decided on the merits. The court found that the "gist" of the action was breach of fiduciary duty, for which there was no right to a jury trial. Judge Kussman therefore conducted a bench trial, after which he found in Goldberg's favor in the amount of $362,788.50 plus $184,233.76 in prejudgment interest. Judgment was entered on June 26, 2013.

## CONTENTIONS

The Stelmach defendants raise two contentions on appeal: **I.** they were denied their constitutional right to a jury trial, and **II.** the court improperly awarded prejudgment interest.

## DISCUSSION

### I.    The Stelmach defendants were not denied their right to a jury trial.

Article I, section 16 of the California Constitution guarantees a civil litigant the right to a jury trial on legal claims. (See also Code Civ. Proc., § 631, subd. (a); *Interactive Multimedia Artists, Inc. v. Superior Court* (1998) 62 Cal.App.4th 1546, 1551 (*Interactive*).) This right to a jury trial exists when the "gist" of the action is legal but not when it is equitable. (*C & K Engineering Contractors v. Amber Steel Co.* (1978)

---

[1]    Those entities included Tul Investments, Golden West, Tul Reseda, La Puente, Glendora Plaza, Stelmach Trust, and a strip mall in Granada Hills.

[2]    At this time, the matter was pending before Judge Michael Harwin.

3

23 Cal.3d 1, 9 (*C & K Engineering*); *Interactive*, at pp. 1551, 1554-1555.) To ascertain the gist of an action, consideration must be given to the nature of the rights involved as disclosed by the pleadings and the facts. (*Fowler v. Ross* (1983) 142 Cal.App.3d 472, 478.) " ' "If the action has to deal with ordinary common-law rights cognizable in courts of law, it is to that extent an action at law. In determining whether the action was one triable by a jury at common law, the court is not bound by the form of the action but rather by the nature of the rights involved and the facts of the particular case—the *gist* of the action. A jury trial must be granted where the *gist* of the action is legal, where the action is in reality cognizable at law." ' [Citation.] On the other hand, if the action is essentially one in equity and the relief sought 'depends upon the application of equitable doctrines,' the parties are not entitled to a jury trial." (*C & K Engineering*, at p. 9.) The prayer for relief in a particular case is not conclusive, and a request for damages as one of a full range of possible remedies does not guarantee the right to a jury trial. (*Id.* at pp. 9, 11; see also *American Motorists Ins. Co. v. Superior Court* (1998) 68 Cal.App.4th 864, 871.)[3]

Here, Goldberg, a minority shareholder, sued the Stelmach defendants for breach of fiduciary duty. Such an action by a minority shareholder for breach of fiduciary duty against directors of a corporation and the corporation is one grounded in equitable principles: "The fiduciary duty of a controlling shareholder or director to a minority shareholder is based on 'powers in trust.' " "Trust relationships are premised on equitable principles." (*Interactive*, *supra*, 62 Cal.App.4th at p. 1555; see also *Jones v. H. F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 108 [majority shareholders have a fiduciary duty to act in a "fair, just, and equitable manner"].) Where fiduciary principles are violated, equity will undo the wrong or intervene. (*Jones*, at p. 109.)

---

[3] Whether there is a constitutional right to a jury trial is a question of law subject to de novo review (*Caira v. Offner* (2005) 126 Cal.App.4th 12, 23), and denial of that right is reversible error per se, requiring no showing of actual prejudice (*Martin v. County of Los Angeles* (1996) 51 Cal.App.4th 688, 698).

In *Interactive*, for example, Interactive had a 15 percent interest in the corporate defendant. (*Interactive*, *supra*, 62 Cal.App.4th at p. 1549.) Interactive sued corporate directors, among others, for breach of fiduciary duty and seeking exemplary damages. (*Id.* at p. 1550.) The court disagreed that the gist of the action was legal simply because Interactive sought only damages. *Interactive* noted that although some cases (including *Mortimer v. Loynes* (1946) 74 Cal.App.2d 160, cited by defendants) emphasized the relief sought when characterizing an action as one in law or equity, our California Supreme Court in *C & K Engineering* deemphasized the relief sought as conclusive on that issue. (*Interactive*, at pp. 1554-1555.) "The fact that the plaintiff sought damages did not alter the court's conclusion since '[a]n action is one in equity where the only manner in which the legal remedy of damages is available is by application of equitable principles.' " (*Id.* at p. 1555.) Because "[t]he sole method of obtaining damages" was by "application of equitable principles," the action was one in equity to which there was no right to a jury trial. (*Id.* at p. 1556; accord, *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 122.)

Similarly, the "gist" of Goldberg's action is equitable. Goldberg, the minority shareholder, sued Stelmach, the majority shareholder and/or director of the corporate defendants, for breach of fiduciary duty for failing to distribute Goldberg's share of, for example, the Glendora fund. *Goldberg I* had ordered the fund to be divided equally between Goldberg and his ex-wife. Stelmach, however, distributed $218,998.50 to Lea but did not distribute an equal amount to Goldberg. By his cause of action, Goldberg primarily sought a sum certain, i.e., $218,998.50 plus interest. But, as Judge Kussman said, "you have to look at the relationship." Stated otherwise, what was the relationship between the parties giving rise to a duty to make that distribution? That relationship was a fiduciary one. As in *Interactive*, the action sounds in equity, and there was no right to a jury trial.

Defendants, however, cite *Bainbridge v. Stoner* (1940) 16 Cal.2d 423, as authority for the notion that "majority shareholders are not fiduciaries." That is not what

5

*Bainbridge* held. Rather, *Bainbridge* confirmed that a director of a corporation "acts in a fiduciary capacity." (*Id.* at p. 427.) That fiduciary relationship, *Bainbridge* found, is more properly characterized as one of agency, "not one of trust." (*Id.* at p. 428.) That finding was made in the context of the minority shareholder's attempt to have the corporate director and others declared trustees of certain mining claims. (*Id.* at p. 425.) The director, "having no title to the property in his charge," "was not an express trustee of it as a director or officer of the corporation," hence, the relationship between the parties was not one of trust. (*Id.* at p. 428.) *Bainbridge* therefore does not hold that equitable principles are inapplicable to the fiduciary relationship between majority and minority shareholders.

## II. The trial court did not err by awarding Goldberg prejudgment interest.

Although Goldberg requested prejudgment interest under Civil Code section 3288,[4] the trial court, according to what may simply be a typographical error in its minute order, awarded prejudgment interest in the amount of $184,233.76 under Civil Code section 3287.[5] The Stelmach defendants contend that prejudgment interest could not be awarded under Civil Code section 3287. Whether the trial court awarded prejudgment interest under Civil Code section 3287 or section 3288, we discern no prejudicial error.

First, Civil Code section 3287, subdivision (a), provides that a party may recover prejudgment interest on an amount awarded as damages from the date that the amount was both (1) due and owing, and (2) certain or capable of being made certain by calculation. (*Koyer v. Detroit F. & M. Ins. Co.* (1937) 9 Cal.2d 336, 345; *KGM*

---

[4] "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury." (Civ. Code, § 3288.)

[5] "A person who is entitled to recover damages certain, or capable of being made certain by calculation, . . . is entitled also to recover interest thereon . . . ." (Civ. Code, § 3287, subd. (a).) Subdivision (b) of Civil Code section 3287 provides, "Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon . . . ."

*Harvesting Co. v. Fresh Network* (1995) 36 Cal.App.4th 376, 391.) Although it does appear that prejudgment interest could not be awarded under subdivision (b) of Civil Code section 3287, the Stelmach defendants make no argument why prejudgment interest could not be awarded under subdivision (a). Second, even assuming that prejudgment interest could not be awarded under Civil Code section 3287, it was properly awarded under Civil Code section 3288. The Stelmach defendants' only argument about Civil Code section 3288 is the section gives the *jury* discretion to award interest, and they were deprived their right to a jury trial. Because we have found that the Stelmach defendants were not entitled to a jury trial, whether prejudgment interest should be awarded under Civil Code section 3288 was a matter left to the trier of fact's discretion, here, the trial court. (*Michelson v. Hamada* (1994) 29 Cal.App.4th 1566, 1586-1587 [trier of fact, whether jury or court, decides the issue of prejudgment interest under § 3288]; *Bullis v. Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 814.)

**DISPOSITION**

The judgment is affirmed.  Plaintiff and respondent may recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:



EDMON, P. J.



HOGUE, J.<sup>*</sup>

---

<sup>*</sup>      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.