**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

OPULENCE PICTURES LLC,　　　　　)
VERONIKA POLOVKO (aka NIKA　　)
FINCH), and DANIEL COUTS,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　C.A. No. 2023-0702-DG
HOUNDS OF WAR MALTA LTD,　　　)
PEDJA MILETIC, AARON BRIFFA,　　)
JEAN PIERRE MARGO, MFC　　　　　)
GLOBAL FILMS LTD, VADIM　　　　　)
FORTUNIN ALEKSEI MIASNIKOV,　　)
and VLADIMIR CHISTIAKOV,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　)

## ORDER

**WHEREAS:**

A.　　On July 11, 2023, Plaintiffs filed their Verified Complaint for Breach of Contract, Fraud and Injunctive Relief related to the production and release of a film titled *Hounds of War*.[1]

B.　　In the complaint, Plaintiffs invoked this Court's equitable jurisdiction and asked it to order Defendants to restore Couts' name to the titles and credits of the film.[2]

---

[1] Dkt. 1.

[2] Dkt. 1 ¶¶ 133–35.

C.   *Hounds of War* premiered on August 29, 2024.[3]

D.   On January 30, 2025, Defendants filed four motions to dismiss ("Motions to Dismiss") asserting four distinct theories: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) failure to state a claim; and (4) failure to join indispensable parties.[4]   Defendants also filed a motion to stay the proceedings or to dismiss for *forum non conveniens* ("Motion to Stay").[5]  Plaintiffs opposed all four motions.[6]

E.   Defendants contend that because all Plaintiffs were credited on the IMDb webpage and in *Hounds of War*'s film credits, "any equitable relief sought" by Plaintiffs "is moot and/or impossible to grant."[7]   Accordingly, Defendants argue, this Court has been divested of its subject matter jurisdiction to hear the case.[8]

F.   Plaintiffs did not contest Defendants' conclusion in their answering brief.[9]  Rather, Plaintiffs argued that if the Court dismisses this case

---

[3] Dkt. 31 Ex. A ¶¶ 19–24.

[4] Dkts. 31–34.

[5] Dkt. 36.

[6] *See* Dkt. 39.

[7] Dkt. 31 at 4.

[8] *Id.* at 4–7.

[9] Dkt. 39 at 2.

for lack of subject matter jurisdiction, Plaintiffs should be granted leave to transfer the case to the Superior Court under 10 *Del. C.* § 1902.[10]

G.     On February 9, 2026, the Court heard oral argument on the Motions to Dismiss and Motion to Stay.  At the argument, Plaintiffs asserted that the Court has discretion to retain jurisdiction because it had subject matter jurisdiction when the Plaintiffs filed suit.[11]  Plaintiffs  agreed to transfer the matter to the Superior Court to promote efficiency.[12]

H.     I took the motions under advisement as of February 9.[13]

**IT IS ORDERED**, this 10th day of March, 2026, that:

1.     This matter is DISMISSED for lack of subject matter jurisdiction under Court of Chancery Rule 12(b)(1), with leave to transfer.

2.     The general rule is that "[t]he Court of Chancery will grant a Rule 12(b)(1) motion to dismiss 'if it appears from the record that the Court does not have jurisdiction over the claim.'"[14]  "The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be

---

[10] Dkt. 39 at 2.

[11] Tr. of Oral Arg. on Def.'s Mots. to Dismiss or Stay at 6:08–9:01, 12:01–13:04.

[12] *Id.* at 12:17–13:04.

[13] Dkt. 46.

[14] *Yu v. GSM Nation, LLC*, 2017 WL 2889515, at *2 (Del. Ch. July 7, 2017) (quoting *Medek v. Medek*, 2008 WL 4261017, at *3 (Del. Ch. Sep. 10, 2008)).

had by common law, or statute, before any other court or jurisdiction of this State."[15]

3. But, "to avoid piecemeal litigation, the so-called 'clean-up doctrine' allows [the Court of] Chancery to exercise subject matter jurisdiction over a claim at law if the plaintiff has stated a *bona fide* claim over which [the Court] had original subject matter jurisdiction."[16] "[I]n the exercise of its discretion, the Court may decline to hear or determine any portion of a controversy that would not alone suffice to invoke the equitable jurisdiction of the Court[.]"[17]

4. The Court finds that Plaintiffs' remaining claims may be adequately remedied at law.[18] The Court also finds that declining to retain

---

[15] 10 *Del. C.* § 342. Plaintiffs' failure to brief their position on this point also constitutes waiver of the issue. *See, e.g.*, *Emerald P'rs v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999).

[16] *Perlman v. Vox Media, Inc.*, 2019 WL 2647520, at *4 (Del. Ch. June 27, 2019) (citation omitted).

[17] Donald J. Wolfe & Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 2.04 (2d ed. 2026) ("Wolfe & Pittenger") (citing *Getty Ref. & Mktg. Co. v. Park Oil, Inc.*, 385 A.2d 147 (Del. Ch. 1978), *aff'd*, 407 A.2d 533 (Del. 1979)).

[18] *Wollard v. Yoder and Sons Constr., LLC*, 2021 WL 141984, at *1 (Del. Ch. Jan. 15, 2021) ("A contract action for damages is an action at law."); *Enzolytics, Inc. v. Empire Stock Transfer, Inc.*, 2023 WL 2543952, at *6 (Del. Ch. Mar. 16, 2023) ("Tortious interference claims are not equitable claims."); *Kuroda v. SPJS Hldgs., L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009) ("A claim for unjust enrichment is not available if there is a contract that governs the relationship between the parties that gives rise to the unjust enrichment claim.").

jurisdiction will promote judicial efficiency, avoid a multiplicity of suits and avoid great expense, and that doing so will not be unduly burdensome or prejudicial to the parties, nor prevent Plaintiffs from being made whole.[19]

5.     Plaintiffs may elect to transfer this case to the Superior Court within 60 days under 10 *Del. C.* § 1902.

/s/ *Danielle Gibbs*
Magistrate in Chancery

---

[19] Wolfe & Pittenger § 2.04 (citing *Clark v. Taveen Hldg. Co., Inc.*, 625 A.2d 869, 882 (Del. Ch. 1992)).